WILLIAM E. and HAZLE B. TERRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terry v. Commissioner
Docket No. 596-77.
United States Tax Court
T.C. Memo 1979-284; 1979 Tax Ct. Memo LEXIS 244; 38 T.C.M. (CCH) 1105; T.C.M. (RIA) 79284; July 26, 1979, Filed Joe Alfred Izen, Jr., for the petitioners. William Taylor Overton, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioners' Federal income tax for the calendar years 1972 and 1973 in the amounts of $2,528.28 and $3,814.86, respectively, and additions to tax under section 6653(a), I.R.C. 1954, [1] in the respective amounts of $126.41 and $190.74. The issue with respect to the disallowance of deductions claimed for business expenses for the year 1972 has been disposed of by agreement of the parties, leaving for our decision for that year only whether petitioners are entitled to a deduction for depreciation in an amount in excess of the amount allowed in the notice of deficiency. *245 The issue for the year 1973 are (1) whether petitioners are entitled to various business expense deductions in excess of the amount allowed in the notice of deficiency, and (2) whether petitioners are entitled to a deduction for depreciation in 1973 in an amount in excess of the amount allowed in the notice of deficiency. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Houston, Texas at the time of the filing of their petition in this case, filed joint Federal income tax returns for the calendar years 1972 and 1973 with the Internal Revenue Service Center in Houston, Texas. Hazel B. Terry was employed during 1973 by the Houston Independent School District. William E. Terry (petitioner) was a professor at Wiley College, Marshall, Texas during the year 1972 and for the period January 1, 1973 to June 1973. In 1972 and 1973, petitioners resided in Houston, Texas. During the period January 1, 1973 to June 1973, while he was serving as a professor at Wiley College, petitioner would travel by automobile from Houston to Marshall, Texas at the beginning of the week, stay inMarshall during the *246 week, return to Houston for the weekend, and on Sunday night or early Monday morning return to Marshall, Texas. Marshall, Texas is 273 miles from petitioner's residence in Houston. In May 1973, petitioner was indicated under section 7206(2) for assisting others in the fraudulent preparation of income tax returns. After his indictment, his employment at Wiley College was terminated, effective at the end of the term in June. Petitioner at the time of his indictment was engaged in the business of preparing income tax returns for others for a fee. After his indictment petitioner engaged an attorney in Dallas, Texas to represent him. The first trial resulted in a hung jury. When petitioner was retried he engaged another attorney to represent him and was acquitted in the second trial. Petitioner paid a total of $5,200 to the attorney who represented him in the first trial and $5,300 to the attorney who represented him in the second trial. In connection with his civil tax liability, petitioner turned his boks and records over to the attorney who represented him at his second criminal trial. Prior to the trial of the instant case he obtained his records with respect to the year *247 1972, and as a result the parties agreed on the amounts of deductions allowable for that year. He only obtained a few of his records for 1973 from the attorney. In addition to teaching at Wiley College and preparing tax returns, petitioner was engaged in the business of operating a washateria and in a real estate business. Petitioner, prior to 1972, had bought some washers and dryers for his washateria. Petitionerhs realty business, washateria business and tax service business were located in Houston, Texas. On their Federal income tax return for the calendar year 1972 petitioners claimed no deduction for depreciation. However, respondent in his notice of deficiency allowed a deduction for depreciation for 1972 on the washateria equipment in the amount of $96.53. The following schedule shows the amount of the deductions claimed under various categories by petitioner in connection with hius realty business and his tax service and washateria business and the total of the deductions claimed under each category, as well as the amount allowed in the notice of deficiency, and the amount by which this allowance was a decrease or an increase over the amount claimed by petitioners *248 to be deductible: Claimed as
Claimed as
Deduction--
Deduction--
Tax Service
Total Realty
& Washateria
Deductions Business
Business
Claimed
Advertising $0 $ 365 $ 365
Merchandise, Repair,
Parts
0
10,000
10,000
Taxes
230
1,115
1,345
Interest
0
1,100
1,100
Out-of-Town Expense
0
3,650
3,650
Utility Expense
84
5,190
5,274 *
Depreciation
0
500
500
Linen Expense
0
77
77
Insurance
40
750
890
Miscellaneous
0
0
0
Library Provisions
60
1,600
1,660
Bad Debts
0
200
200
Auto Expense
720
3,000
3,720
Excess Meals
0
1,990
1,990
Burglary and Theft
Loss
0
890
890
Exemptions
0
Standard Deductions
0
Office Provision
720
0
0
Legal
0
1,400
1,400
Telephone
102
865
967
Decrease or
(Increase) Over
Amount
Amount Claimed
Allowed in
as Determined
Deficiency
in Deficiency
Notice
Notice
Advertising $ 21.58 $ 343.42
Merchandise, Repair,
Parts
4,233.44
5,766.56
Taxes
675.00
670.00
Interest
624.85
475.18
Out-of-Town Expense
568.99$'3,081.03
Utility Expense
3,866.20 *
1,407.80
Depreciation
708.57
(208.57)
Linen Expense
59.85
17.15
Insurance
289.14
540.86 **
Miscellaneous
227.25
(227.25)
Library Provisions
0
1,660.00
Bad Debts
0
200.00
Auto Expense
0
3,720.00
Burglary and Theft
Loss
0
890.00
Exemptions
1,500.00
(1,500.00)
Standard Deductions
2,000.00
(2,000.00)
Office Provision
0
720.00
Legal
0
1,400.00
Telephone
935.21
31.79
$18,977.97
*249 The explanation given in the notice of deficiency with respect to each claimed deduction disallowed was that it had not been established that the disallowed amount represented ordinary and necessary business expenses. OPINION At the trial of this case petitioner testified generally about the expenses of his washateria business and tax service business. However, he had no records with respect to the year 1973. Petitioner had produced records for the year 1972 which resulted in an agreement of the parties with respect to the deductions to which he was entitled for that year. Petitioner testified generally about driving to and from Marshall, Texas where he was a professor at Wiley College, and returning home on the weekends. Apparently, although the record is not completely clear in this *250 regard, the automobile expenses and the out-of-town expenses which petitioner claimed were primarily in connection with his driving to and from Marshall, Texas, and his expenses of living in Marshall, Texas. Insofar as this record shows, petitioner's work as a professor in Marshall, Texas was his primary employment and he would not be entitled to deduct his expenses of living in Marshall, Texas even if these expenses had been proven. Respondent allowed a small amount of petitioner's claimed out-of-town expenses, but the record does not show for what out-of-town trip or trips this amount was allowed. Respondent has not explained the basis of his partial allowance of this item. See, however, Rev. Rul. 55-604, 1955-2 C.B. 49. Petitioner has not favored us with a brief, so we are not informed of his view of the basis for claiming any additional deduction. Respondent allowed petitioner no deduction for automobile expenses. The record is clear that petitioner drove from Marshall to Houston and returned to Marshall each weekend.The problem is to what extent this driving was personal and to what extent, if any, this travel was business-related. Petitioner operated a real *251 estate business, a tax service business and a washateria business in Houston, Texas in addition to his primary employment in Marshall. This evidence, combined with petitioner's testimony as to his activities in connection with these businesses, shows that it was necessary at times for petitioner to travel from Marshall to Houston to oversee the conduct of his part-time businesses. To the extent petitioner's return to Houston on weekends was necessary to the conduct of these part-time businesses, the cost of the transportation is deductible. See Boyer v. Commissioner,69 T.C. 521, 540-542 (1977). Petitioner has shown that the round-trip distance which he drove each week from Marshall to Houston was 546 miles. However, he has not shown exactly how often it was necessary for him to return to Houston is connection with his operation of his part-time businesses and how often his return was for the person of visiting his family. From his testimony it would appear that he was employed in Marshall, Texas aproximately 23 weeks during 1973. While the record is inadequate for an accurate determination of the necessary cost of petitioner's going from his major business to *252 conduct his secondary businesses, in our view some amount of this expense should have been allowed. On the basis of petitioner's description of the nature of his part-time businesses, we have concluded, weighing heavily against petitioner for his lack of records and the impreciseness of his testimony, that he is entitled to deduct $750 for the cost of necessary business-related travel to and from his major occupation in Marshall to his part-time businesses in Houston. Although petitioner thought that he had purchased some washing machines which were not included in the depreciation schedules prepared by respondent's agent, he has made no showing as to whether in fact depreciation allowed by respondent is inadequate. It is to be noted that he was allowed more depreciation than he claimed in 1973 and was allowed some depreciation in 1972, although none was claimed on his tax return for that year. Apparently petitioner had expensed certain items that were determined in the deficiency notice to be capital expenditures. However, the record is not clear even in this regard. This record is totally inadequate to support any depreciation deduction in excess of that allowed by respondent. *253 The record was held open after the trial to permit petitioner to obtain records with respect to purchases of equipment for the washateria and other records for the year 1973 in order that these documents might be stipulated into the record. No stipulation of any records of petitioner for the year 1973 was filed with the Court. Petitioner testified with respect to certain charitable donations in 1973. His testimony was very imprecise. While we do not doubt that petitioner made some charitable donations in 1973, there is nothing in this record to show that they would be in excess of the $2,000 standard deduction allowed to petitioner for 1973 in the notice of deficiency. The other item which petitioner attempted to substantiate for 1973 was the deduction of an attorney's fee of $1,400. Clearly, petitioner's indictment was in connection with his tax preparation service business and it is under this category that petitioner deducted a $1,400 legal fee. Petitioner testified that he paid the attorney who defended him in his first trial in connection with his indictment of assisting others in preparing false returns a total of $5,200. We do not doubt the accuracy of petitioner's *254 recollection with respect to the total amount paid to this attorney. The difficulty is that the record is not clear as to what part, if any, of this $5,200 was paid in 1973. Petitioner never stated precisely when he paid the $5,200 amount. However, giving a most liberal construction to some of petitioner's testimony, we have concluded that the did, in 1973, pay $1,400 of the fee to the attorney who defended him in the criminal action brought against him in that year. This attorney's fee is a deductible business expense. Tellier v. Commissioner,383 U.S. 687 (1966). other than the $750 of automobile expense and the $1,400 of legal fee expense, petitioner has totally failed to show error in respondent's disallowance of deductions claimed by him for 1973, and respondent's determination as to 1973 in all other respects is sustained. We also sustain respondent's determination of the amount of petitioner's deduction for depreciation in 1972. Petitioner has made no showing of error in respondent's determination of additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations for either of the years here in issue. The burden *255 to show error in this determination is on petitioner. Pritchett v. Commissioner,63 T.C. 149, 174 (1974). We therefore sustain respondent's determination for the additions to tax for each year. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
*. Amount of
Amount of
Items Claimed
Items Allowed
Water
$1,500 $ 770.90
Lights
2,000
1,437.50
Gas
1,774
1,657.80
$5,274
$3,866.20
** The amount allowed plus the amount disallowed by respondent total only $830. In the notice of deficiency the insurance deduction claimed is stated to be $830, but in fact the total claimed on the return is $890.↩